1    Carlos F. Negrete, Esq. SBN # 134658
**LAW OFFICES OF CARLOS F. NEGRETE**
2    27422 Calle Arroyo
San Juan Capistrano, CA 92675-2747
3    Telephone (949) 493-8115
Telefax     (949) 493-8170
4

5    Attorneys for Plaintiffs,
TERRY RONDBERG, D.C., THE
6    CHIROPRACTIC JOURNAL AND
JOURNAL OF VERTEBRAL SUBLUXATION

7              **UNITED STATES DISTRICT COURT**

8             **SOUTHERN DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| TERRY RONDBERG, D.C. and THE CHIROPRACTIC JOURNAL AND JOURNAL OF VERTEBRAL SUBLUXATION ) ) ) ) ) ) Plaintiff, ) ) vs. ) ) ) MATHEW MCCOY a.k.a. MATT MCCOY a.k.a. DR. MATT MCCOY and DOES 1 to 100, inclusive, ) ) ) Defendants. ) ) | **Case No. 09CV1672 HCAB** Assigned to: Hon. Marilyn L. Huff **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP §12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

19    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

20       Plaintiffs, TERRY RONDBERG, D.C. and THE CHIROPRACTIC JOURNAL AND

21    JOURNAL OF VERTEBRAL SUBLUXATION (hereinafter "PLAINTIFFS" or "RONDBERG")

22    hereby respectfully submits their Opposition to Defendant's Motion to Dismiss Plaintiffs' First

23    Amended Complaint Pursuant to Federal Rule of Civil Procedure §12(b)(6).

24       Plaintiffs' Opposition will be based on the Memorandum of Points and Authorities and any and

25    all other evidence presented at the hearing on this matter.

26

27

28

1

<u>TABLE OF CONTENTS</u>

2  **MEMORANDUM OF POINTS AND AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

3  **I.     INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

4  **II.    BACKGROUND** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5  **III.   ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6      **A.     STANDARD OF REVIEW FOR REVIEWING A
   COMPLAINT IS A SUFFICIENT  SHORT AND PLAIN
7         STATEMENT  UNDER FRCP §8** . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

8

9      **B.     EACH CAUSE OF ACTION PLED IN COMPLAINT IS
   SUFFICIENTLY PLED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

10

11         **1.     PLAINTIFFS' CAUSES OF ACTION FOR BREACH
    OF CONTRACT AND BREACH OF FIDUCIARY DUTY
12            ARE SUFFICIENTLY PLED** . . . . . . . . . . . . . . . . . . . . . . . . 9

13              **a.     Breach of Contract** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

14              **b.     Fiduciary Duty Claim** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15         **2.     PLAINTIFFS' FRAUD AND NEGLIGENT
    MISREPRESENTATION CLAIMS ARE SUFFICIENTLY
16            PLED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

17              **a.     Fraud** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

18              **b.     Negligent Misrepresentation** . . . . . . . . . . . . . . . . . . . . . . . .12

19         **3.     PLAINTIFFS' CONVERSION CLAIM IS
20            SUFFICIENTLY PLED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

             **a.     Conversion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
21

22         **4.     PLAINTIFFS' LIBEL, SLANDER CLAIMS ARE

           SUFFICIENTLY PLED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14
23              **a.     Libel/Slander** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

24

25         **5.     PLAINTIFFS' UNFAIR COMPETITION, TRADEMARK
    INFRINGEMENT, AND FALSE DESIGNATION CLAIMS
26            ARE SUFFICIENTLY PLED** . . . . . . . . . . . . . . . . . . . . . . . . 15

27              **a.     Trademark Infringement/False Designation** . . . . . . . . . . . .15

28

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT [FRCP §12(b)(6)]**

        **b.**     **Unfair Competition** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    **6.**     **PLAINTIFFS' CLAIMS FOR INTERFERENCE WITH BUSINESS RELATIONSHIP ARE SUFFICIENTLY PLED** . . . . . . . . . 17

    **7.**     **PLAINTIFFS' RICO CLAIM IS SUFFICIENTLY PLED** . . . . . . . . . . . . .17

        **a.**     **Racketeering Activity** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

        **b.**     **Pattern of Racketeering Activity** . . . . . . . . . . . . . . . . . . . . . . . 19

**D.**     **IN THE EVENT THE MOTION TO DISMISS IS SUSTAINED, LIBERAL POLICY FAVORS GRANTING LEAVE TO AMEND COMPLAINT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**IV.**     **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP §12(b)(6)]**

1

## **TABLE OF AUTHORITIES**

2

## **CASES**

3   *Appollo Capital Fund, LLC v. Roth Capital Partners, LLC* (2007)158 Cal.App.4th 226, 244 . . . . . . .10

4   *Baldwin v. Marina City Properties, Inc.* (1978) 79 Cal.App.3d 393 . . . . . . . . . . . . . . . . . . . . . . . . .13

5   *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699 . . . . . . . . . . . . . . . . . . . . . . . . 8

6   *Bautista v. Los Angeles County* (9th Cir. 2000) 216 F.3d 837, 843 . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7

8   *Cel-Tech Communication, Inc.  v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180...16

*City of Atascadero v. Merill Lynch* (1998) 68 Cal.App.4th 445, 483 . . . . . . . . . . . . . . . . . . . . . . . . 10

9

10  *Conley v. Gibson* (1957) 355 U.S. 41, 46. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Corcoran v. N.Y. Power Authority* 935 F. Supp. 376, 382 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . 8

11

12  *DeCarlo v. Fry* (2nd Cir. 1998) 141 F.3d 56, 62 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

13  *Friedlander v. Nims* (11th Cir. 1985) 755 F.2d 810, 813.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

14  *General Star Indemn. Co. v. Vesta Fire Ins. Corp.* (5th Cir. 1999) 173 F.3d. 946, 950 . . . . . . . . . . . 8

15  *Hospital Building Co. v. Trustees of Rex College* (1976) 425 U.S. 738, 746 . . . . . . . . . . . . . . . . . . . .8

16  *Lovejoy v. AT&T Corporation* (3d. Dist. 2001) 92 Cal.App.4th 85 [111 Cal.Rptr.2d 711] . . . . . . . . 11

17  *Neitzke v.Williams* (1989) 490 U.S. 319, 326. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18  *Pierce v. Lyman* (1991) 1 Cal.App.4th 1093, 1101. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

19  *Reichert v. Gen. Ins. Co. of Am.* (1968) 68 Cal.2d 822, 830 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

20  *Robinson Helicopter Co., Inc. v. Dana Corp.* (2004)  34 Cal.4th 979, 990 [102 P.3d 268] . . . . . . . . .11

21  *Scott v. Solano County Health and Social Services Dept.* (2006) 459 F.Supp.2d 959, 972-973.. . . . . . 15

22

23  *Silva v. Bieluch* (11th Cir. 2003) 351 F.3d 1045, 1048 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

24  *Sparling v. Hoffman Constr. Co.* (9th Cir. 1998) 864 F.2d 635, 640. . . . . . . . . . . . . . . . . . . . . . . . . 8

25  *U.S. v. Employing Plasterers Ass'n of Chicago* (1954) 347 U.S. 186, 189  . . . . . . . . . . . . . . . . . . . . 8

26  *Westways World Travel v. AMR Corp.* (C.D.Cal. 2001) 182 F.Supp.2d 952, 955 . . . . . . . . . . . . . . . 10

27

28

1

**STATUTES**

2 Federal Rule of Civil Procedure §8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 9

3 Fed. R. Civ. P. §8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

4 Federal Rule of Civil Procedure §9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8

5 Federal Rule of Civil Procedure §12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 11

6 Federal Rule of Civil Procedure §15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

7 California Business & [Professions] Code §17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 16

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT [FRCP §12(b)(6)]**

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

3

4

5

6

7

8

9

10

11

12

13

14

This case arises from an oral agreement between Plaintiffs and Defendant McCoy regarding services McCoy would render on behalf of Defendant The Chiropractic Journal and the Journal of Vertebral Subluxation (hereinafter "JVSR", which is a division of The Chiropractic Journal). Dr. Rondberg is a nationally known leader and speaker in the Chiropractic community and along with Cynthia Rondberg is an owner of the Chiropractic Journal. It was not until six years after Plaintiffs and Defendant entered into the agreement (mid-2008) that Plaintiffs discovered Defendant's numerous breaches. Although the material terms of the agreement were agreed upon by the parties, the agreement was silent on others and it was never the intention of the parties that Defendant exploit JVSR's website and reputation in order to operate Defendant's own business, nor was it the parties' intention that Defendant have authorization to divert funds of JVSR for Defendant's own benefit or to exclude Plaintiffs from operation of the JVSR. Plaintiff immediately filed the current action in response to Defendant's illegal conduct.

15

16

## II. BACKGROUND

17

18

19

20

21

22

23

24

25

26

On February 20, 2009, Plaintiffs filed an action against Defendants for Breach of Contract, Conversion and Misappropriation of Funds, Violations of the Racketeer Influenced and Corrupt Organizations Act, Violations of California Business & [Professions] Code §17200, Breach of Fiduciary Duty, Fraud, Negligent Misrepresentation, Accounting, Money Had and Received, Libel, Slander, Invasion of Privacy, Violations of Statutory and Common Law Unfair Competition by Infringement of Common-Law Trademark rights, Unfair and Deceptive Conduct, False Designation, Dilution, and Intentional and Negligent Interference with Business Relationships. Plaintiffs seek damages as well as an injunction against Defendants to stop Defendants from competing unfairly with Plaintiffs and from falsely advertising and/or describing their products. (*See*, First Amended Complaint "FAC").

27

28

On or about August 3, 2009, Defendant MCCOY filed a Notice of Removal to the United States District Court, Southern District of California. On August 10, 2009, Defendant MCCOY filed a

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP §12(b)(6)]**

motion to dismiss pursuant to FRCP §12(b)(6) or, in the alternative, for a more definite statement pursuant to FRCP §12(e). On September 21, 2009, Hon. Marilyn L. Huff entered an order granting Defendant's motion to dismiss; however, Judge Huff further granted Plaintiffs leave to amend the Complaint within 30 days of the Court's Order (hereinafter "Order"). On October 21, 2009, Plaintiffs filed their First Amended Complaint (hereinafter "FAC"). Defendant brings the instant Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to FRCP §12(b)(6) (hereinafter "MTD").

Each cause of action in Plaintiffs' First Amended Complaint alleges sufficient facts to support each count under Federal Rule of Civil Procedure §12(b)(6), which is the pleading standard. Further, the fraud counts meet the particularity requirements of Federal Rule of Civil Procedure §9(b). If any of the causes of action need augmentation then, in the alternative, Plaintiffs are entitled to amend the complaint to aver facts in order to satisfy the pleading requirements.

The Eighth (Accounting), Ninth (Money Had and Received), Twelfth (Invasion of Privacy) and Fifteenth (Dilution) causes of action all incorporate the allegations in all prior paragraphs of the Amended Complaint. Numerous allegations were added to the Complaint and are therefore incorporated into the causes of action mentioned herein. Therefore, such causes of action have not been "simply re-submitted *without having been amended in any fashion*" as Defendant mischaracterizes to the Court [Def's MTD 2:16-18, 3:1-2], and should not be dismissed outright, but shall be reviewed based upon this Court's Order of September 21, 2009, granting Plaintiffs leave to amend.

## III. __ARGUMENT

### A.     STANDARD OF REVIEW FOR REVIEWING A COMPLAINT IS A SUFFICIENT  SHORT AND PLAIN STATEMENT  UNDER FRCP §8

Federal Rule of Civil Procedure §8(a) states:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already had jurisdiction and the claim needs no new

grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

The Ninth Circuit Federal Courts have interpreted Fed. R. Civ. P. §8(a)(2) as follows: "A pleading must contain a short, plain statement of the claim showing the pleader is entitled to relief and sufficient to put defendants fairly on notice of the claims against them." (*Sparling v. Hoffman Constr. Co.* (9th Cir. 1998) 864 F.2d 635, 640.)

A complaint should set forth sufficient information to outline the elements of the claim. (See, e.g., *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699; *General Star Indemn. Co. v. Vesta Fire Ins. Corp.* (5th Cir. 1999) 173 F.3d. 946, 950.)

In considering a motion to dismiss pursuant to Rule §12(b)(6), the court must accept all the factual allegations of a plaintiff's complaint as true. (*Neitzke v.Williams* (1989) 490 U.S. 319, 326.) The court is bound to give the non-moving party the benefit of every reasonable inference to be drawn from the attacked pleading. (*Hospital Building Co. v. Trustees of Rex College* (1976) 425 U.S. 738, 746.) The test for sufficiency is a broad one, i.e., whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint. If the mere possibility exists that a plaintiff may recover, the motion to dismiss must be denied. (*Conley v. Gibson* (1957) 355 U.S. 41, 46.)

The Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts upon which it bases a claim. Rather, "all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (*Conley,* 355 U.S. at 47.) Accordingly, a district court "can dismiss [a] claim only if, assuming all facts alleged to be true, plaintiff still fails to plead the basic elements of a cause of action." (*Corcoran v. N.Y. Power Authority* 935 F. Supp. 376, 382 (S.D.N.Y. 1996); c.f. *U.S. v. Employing Plasterers Ass'n of Chicago* (1954) 347 U.S. 186, 189 ("where a bona fide complaint is filed that charges every element necessary to recover . . . summary dismissal. . . can seldom be justified").

Federal Rule of Civil Procedure §9(b) states, "[i]n all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

In the alternative, if the Court determines that Plaintiffs' complaint does not comply with the above-stated pleading requirements, Plaintiffs request leave to amend the complaint.

**B.      EACH CAUSE OF ACTION PLED IN COMPLAINT IS SUFFICIENTLY PLED**

**1.      PLAINTIFFS' CAUSES OF ACTION FOR BREACH OF CONTRACT AND BREACH OF FIDUCIARY DUTY ARE SUFFICIENTLY PLED**

**a.      <u>Breach of Contract</u>**

Under California law, to state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to plaintiff. *(Reichert v. Gen. Ins. Co. of Am.* (1968) 68 Cal.2d 822, 830.) In Judge Huff's Order dated September 21, 2009, she mentioned that "Plaintiffs do not allege the existence of a contract." Plaintiffs cured this defect my making the following applicable allegations in their FAC:

. . .

18.    On or about April 1, 2000, JVSR, through Dr. Rondberg, hired Defendant, Mathew McCoy, D.C. to act as the JVSR editor, as an independent contractor. The employment agreement was an oral agreement that Mr. McCoy perform editorial services for the JVSR and to allow for Dr. Rondberg, Mr. McCoy, Terry Pochert, and Marty Marsh to collaborate on the JVSR and equally share the profit.

Because Plaintiffs pled each element of a claim for breach of contract, Defendant's motion to dismiss under Rule §12(b)(6) for failure to state a claim should be denied.

The pleading itself "need only provide the bare outlines of [a] claim" within the federal notice pleading framework under Federal Rule of Civil Procedure 8(a)." (*Bautista v. Los Angeles County* (9th Cir. 2000) 216 F.3d 837, 843) (denying Rule 12(e) motion on breach of contract claim).) To meet the requirements of Rule 8(a), "a plaintiff need not set forth the legal basis for his claim, only

the facts underlying it." (*Westways World Travel v. AMR Corp.* (C.D.Cal. 2001) 182 F.Supp.2d 952, 955 (upholding sufficiency of breach of contract claim despite defendants' argument that complaint failed to alleged specific terms).) Plaintiffs have alleged the sufficient facts and have alleged the existence of a contract. The breach of contract cause of action must stand and Defendant's motion to dismiss the breach of contract cause of action must be denied.

### b.    Fiduciary Duty Claim

Under California law, in order to plead a cause of action for breach of fiduciary duty, a plaintiff must show the existence of a fiduciary relationship, its breach, and damage caused by the breach. (*Appollo Capital Fund, LLC v. Roth Capital Partners, LLC* (2007)158 Cal.App.4th 226, 244.)

The "key factor" in the existence of a fiduciary relationship "lies in the control by a person over the property of another." (*Id*. at 246.) Further, "before a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." (*Id*.) The court in *City of Atascadero* did not find a lack of "direct broker-client relationships" fatal to the appellants' cause of action for breach of fiduciary duty, the court found that a fiduciary or confidential relationship "may arise whenever confidence is reposed by persons in the integrity and good faith of another. If the latter voluntarily accepts or assumes that confidence, he or she may not act so as to take advantage of the others' interest without their knowledge or consent." (*City of Atascadero v. Merill Lynch* (1998) 68 Cal.App.4th 445, 483 citing *Pierce v. Lyman* (1991) 1 Cal.App.4th 1093, 1101.)

Here, Plaintiffs pled facts sufficient to establish that Defendants entered into a fiduciary relationship with the Plaintiffs based upon the oral agreement. The First Amended Complaint alleges: "On or about April 1, 2000, JVSR, through Dr. Rondberg, engaged Defendant, Matthey McCoy, D.C. to act as the JVSR editor, as an independent contractor. The employment agreement was an oral agreement that Mr. McCoy perform editorial services for the JVSR and to allow for Dr. Rondberg, Mr. McCoy, Terry Pochert, and Marty Marsh to collaborate on the JVSR and equally

1
2
3
4
5

share the profit." (*See,* FAC, para 18.) Moreover, Plaintiffs allege that "[a]s part of his duties and obligations . . Defendant McCoy and Does 1 to 50, inclusive, were responsible for collecting and accounting for subscriber and advertising revenue." (FAC, para 21.) Plaintiffs entrusted Defendant with carrying out his duties pursuant to the agreement, however, Defendant violated that trust when Defendant engaged in illegal conduct to the detriment of Plaintiffs.

6
7

Because Plaintiffs properly pled breach of a fiduciary duty, Defendant's motion to dismiss under Rule §12(b)(6) for failure to state a claim should be denied.

8
9

### 2. PLAINTIFFS' FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS ARE SUFFICIENTLY PLED

10

#### a. <u>Fraud</u>

11
12
13
14

Despite the detailed description of events contained throughout the FAC, Moving Defendant inexplicably contends that Plaintiffs' claim for fraud lacks sufficient specificity. As demonstrated in the FAC, Plaintiffs have alleged the specific facts necessary to maintain their claim of fraud against McCoy.

15
16
17
18

"The elements of fraud are: (1) a misrepresentation, that is, a false representation, concealment, or nondisclosure; (2) knowledge of falsity, that is scienter; (3) the intent to defraud, that is, to induce

18
19
20

reliance; (4) justifiable reliance; and (5) resulting damage." (*Lovejoy v. AT&T Corporation* (3d. Dist. 2001) 92 Cal.App.4th 85, 111 Cal.Rptr.2d 711; *Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 990 [102 P.3d 268].)

21
22
23
24
25
26

McCoy contends that Plaintiffs failed to plead specifically the deceit and that Plaintiffs only pled representations MCCOY allegedly made to third parties. (See MTD, 8:6-7.) The FAC, however, plainly states that: "In another email from Defendant McCoy to Plaintiff Dr. Rondberg on July 11, 2008, Mr. McCoy indicated: 'You do not have the authority to fire me as the Editor of JVSR, or anything else for that matter.'" (FAC, para. 78) Therefore, Defendant made fraudulent representations to Dr. Rondberg, in addition to fraudulent representations to third parties.

27
28

Plaintiffs further pled the following: "On July 1, 2008, Plaintiffs learned and discovered that,

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP §12(b)(6)]**

on or about February 18, 2008, Dr. McCoy illegally and without authorization listed himself in all ownership, administrative, and technical information of JVSR domains and changed the JVSR website passwords to lock out Plaintiffs, or his representatives." (FAC, para 75.)  "Defendant McCoy made the false representations for the purpose of inducing Plaintiff to invest and lend McCoy significant capital as described above."  (FAC, para 80.)  "As a direct and proximate result of the fraud and intentional misrepresentations committed by Defendant McCoy, McCoy has received money, all or a significant portion of which is due to Plaintiffs."  (FAC, para 83.)  Plaintiff has sufficiently pled why the inducing statements were fraudulent and this cause of action shall not be dismissed.

### b.  Negligent Misrepresentation

As with the fraud cause of action, Defendant again contends that the cause of action for negligent misrepresentation has not been pled with the requisite specificity.  Again, this contention must fail based on the same arguments set forth above in relation to Plaintiffs' cause of action for fraud.  Without reiterating these arguments again, Plaintiffs reassert these arguments as if they are set forth as full herein.

The elements for negligent misrepresentation are as follows: (1) a false statement of a material fact that the defendant honestly believes to be true, but made without reasonable grounds for such belief, (2) made with the intent to induce reliance, (3) reasonable reliance on the statement, and (4) damages.  As shown below, Plaintiffs have properly pled their cause of action for negligent misrepresentation with sufficient particularity as follows (in addition to the allegations set forth above for the fraud cause of action which are incorporated into this cause of action).

The Court indicated "the defamatory statement must be specifically identified and plaintiff must plead the substance of the statement." (Order 11:7-8.)  Plaintiff indicates: "Defendant McCoy made the following statements to the subscribers of the JVSR in the email dated July 7, 2008: 'Recently you may have received e-mails from Dr. Terry Rondberg ascribing to me the contents of a website Dr. Rondberg has set up about Dr. JC Smith.  In the email he encourages you to help me in his efforts to provide more content to this website.  I want to make it very clear that some time ago I

1
2
3
4
5
6

disassociated myself from Dr. Rondberg, the World Chiropractic Alliance and Research and Clinical Science.'"(FAC para. 78). Further: "'In another email from Defendant McCoy to Plaintiff Dr. Rondberg on July 11, 2008, Mr. McCoy indicated: 'You do not have the authority to fire me as the Editor of JVSR, or anything else for that matter.'" Here, the substance of the defamatory statements are alleged. Plaintiffs indicated that such representations and statements are false, and at the time were made by Defendant "under the guise of JVSR". (FAC para. 80.)

7
8

Therefore, Plaintiff has cured such defect and defendant's motion to dismiss the causes of action for fraud and negligent mispresentation must be denied.

9
10

### 3.     PLAINTIFFS' CONVERSION CLAIM IS SUFFICIENTLY PLED
#### a. <u>Conversion</u>

11
12
13
14
15

The elements of a conversion cause of action are "(1) plaintiffs' ownership or right to possession of the property at the time of the conversion; (2) defendants' conversion by a wrongful act or disposition of plaintiffs' property rights; and (3) damages." (*Baldwin v. Marina City Properties, Inc*. (1978) 79 Cal.App.3d 393, 410 citing 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 565, pp. 2203-2204.)

16
17
18
19
20
21
22
23
24
25
26
27

Defendants attack Plaintiffs' FAC indicating it provides no clarity that McCoy has converted the JVSR website. However, Plaintiffs offer the following as sufficient allegations of ownership: "Dr. Rondberg and Ms. Cynthia Rondberg are the owners and sole shareholders of The Chiropractic Journal, Inc." (FAC, para 12); "On or about December 1995, Dr. Rondberg announced in the Journal the formation and founding of the Journal of Vertebral Subluxation Research ("JVSR") as a division of the Journal. The journal was fully funded by Dr. Rondberg[.]" (FAC, para 14); "The Chiropractic Journal continues to own the trademark and has not, at any time, transferred, assigned or sold its interest in the trade name nor has Dr. Rondberg or Ms. Rondberg transferred any interest, shares or ownership in either the Chiropractic Journal or JVSR since their formation." (FAC, para 17); "Defendant McCoy holds no ownership interest, stock or other title to JVSR and is no longer an officer of CCP" (FAC, para 30); "Defendant McCoy has not contributed any capital to JVSR or has any equity holding." (FAC, para 31). Such allegations of ownership are is sufficient pleading to put

28

Defendants on notice of claims of ownership of property.

Although two other individuals (Pochert and Marsh) are indicated in the Complaint, Plaintiffs can offer the Court a clarification if one is necessary as to their respective interests in the JVSR, which are currently, and at the time of McCoy's wrongful conduct, none.

Plaintiffs have made the following allegations concerning Defendants' wrongful conduct which is sufficient to plead conversion and can easily be ascertained as "wrongful" based upon the allegations and circumstances: "Since mid-2008, Defendant McCoy assumed control of the operations of JVSR engaging in a series of unathorized, un-consented and illegal actions including, but not limited to, the following: . . . Absconding and diverting funds of JVSR for his personal benefit; Hijacking the website and internet operations of JVSR and Plaintiffs; Hijacking the merchant accounts of JVSR; Hijacking and seizing control of the internet commerce, hosting, online shopping, gateway, hosting account, domain registrations, customer lists, trade secrets and internet related e-commerce operations of JVSR." (FAC, para 25.)

Accordingly, the conversion pleading is specific enough to enable Defendants to prepare a defense and should not be dismissed.

### 4. PLAINTIFFS' LIBEL, SLANDER, AND INVASION OF PRIVACY CLAIMS ARE SUFFICIENTLY PLED

#### a. Libel/Slander

The two slanderous/libelous statements made by Defendant are slanderous and libelous because they were made with disregard for the truth with the motive to injure Plaintiffs. Such statements do expose Plaintiffs to ridicule due to the reputation in the community and the representations made by Plaintiffs to the community to the contrary. In context and in the chiropractic community, such a statement regarding Defendant's role would subject Plaintiff to ridicule or contempt, as alleged.

Defendant indicates that the complaint evades a clear definition of McCoy's role as it related to the JVSR, and McCoy was privileged to make his publication. (MTD 10:20-21.) No privilege exists based upon Mr. McCoy's relationship with Plaintiffs and the JVSR. As alleged, McCoy's

improper conduct of wrongfully and illegally assuming control and use of the name of JVSR to act as Defendants' own personal enterprise to carry out his illegal and improper conduct and schemes, does not give Defendant any right to make any wrongful statements or publications. (FAC para. 25.)

In *Scott v. Solano County Health and Social Services Dept.*, the defendant attacked the plaintiff's defamation claim for failing to plead the specific defamatory statement. (*Scott v. Solano County Health and Social Services Dept.* (2006) 459 F.Supp.2d 959, 972-973.)  In that case, Plaintiff's complaint stated that defendant "published false information about plaintiff's performance and falsely accused plaintiff of dishonesty and lack of integrity." (*Id.*)  In denying the motion to dismiss the plaintiff's defamation claim, the *Scott* court found that "plaintiff's allegations [were] sufficient to provide defendants sufficient notice of the issues to enable preparation of a defense." (*Id.*)

While Plaintiffs' allegations of Defendant's defamatory statements regarding Defendant's conduct are succinct in the instant matter, the allegations are sufficient to provide defendants sufficient notice of the issues to enable preparation of a defense. Based on Plaintiff's defamation complaint, Defendants should be aware that Plaintiffs' complaint relates to false statements made by Defendants regarding Plaintiffs' business practices to Plaintiff's subscribers. Defendants would obviously have a good idea as to which statements Plaintiff's complaint refers.

Accordingly, the defamation complaint pleading, for libel and slander, is specific enough to enable Defendants to prepare a defense and defendant's motion to dismiss shall be denied.

### 5. PLAINTIFFS' UNFAIR COMPETITION, TRADEMARK INFRINGEMENT, AND FALSE DESIGNATION ARE SUFFICIENTLY PLED
#### a. Trademark Infringement/False Designation

The JVSR is a trade name registered since June 28, 1999.  (FAC para 15.)  Plaintiffs have alleged a trademark, despite Defendant's contention.  Plaintiffs allege that Defendants are responsible for: "[m]isleading the public by disseminating intentional false and defamatory statements and information in an attempt to cast Defendant, himself, as still in charge of JVSR and CCP" (FAC, para 122, section b.);  "Defendant has made these false statements with the intent to

induce the public to purchase Counter-Defendants' products." (FAC, para 123.) Further, "Defendants, through it use of the names and designations has knowingly caused goods to enter into commerce, which goods bear a false description and a false designation and use. These false designations and descriptions cause irreparable damage to Plaintiffs and deceive the public, and purchased will be confused as the true source, sponsorship, origin or affiliation of said goods of Defendants." (FAC 24:9-13.) Clearly, a short and plain statement regarding public confusion and illegal use of a trademark has been sufficiently alleged by Plaintiffs.

Accordingly, the claims for trademark infringement and false designation are specific enough to enable Defendants to prepare a defense and should not be dismissed.

### b. Unfair Competition

Business and Professions Code §17200 *et seq*. prohibits unfair competition, and includes "any unlawful, unfair or fraudulent business act." The conduct described under Section 17200 embraces "anything that can be properly called a business practice and at the same time if forbidden by law. (*Cel-Tech Communication, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180.) A practice may be deemed unfair, even if it is not specifically proscribed by some other law. (*Id*.) Plaintiffs allege that Defendant used and exploited the resources and website owned by JVSR to operate a personal business known as Glass Houses. (FAC para. 25.) Further, plaintiffs indicate that Defendant's advertising of products of Glass House on the JVSR website deceived and confused the public because JVSR did not support promotion of such products. (FAC para. 122 section c.) Plaintiffs indicate they were damaged because 90% of subscribers cancelled their subscriptions. (FAC para. 123.) Per the judge's Order, "in order to assert a claim under the UCL, a person 'must have suffered injury in fact and has lost money or property as a result of such unfair competition.'" (Order 7:21-22). As mentioned hereinabove, Plaintiffs have made such allegations in its FAC and have cured any deficiency in this regard.

Plaintiffs have provided a short and plain statement regarding their claims against Defendants for unfair competition. Therefore, such claims are viable and should not be dismissed; Defendants' motion to dismiss the cause of action for unfair competition must be denied.

### 6. PLAINTIFFS' CLAIM FOR INTERFERENCE WITH BUSINESS RELATIONSHIP IS SUFFICIENTLY PLED

Defendant argues that the FAC alleges that McCoy interfered with a relationship of which he was part of. (MTD 12:22-23.)  However, Defendant is unclear of the nuance - Defendant was engaged in the business relationship to enjoy a financial benefit, however with no ownership interest in the JVSR.  Defendant's interference became an interference with the ownership of the JVSR when he, among other things, "block[ed] access of the Chiropractic Journal and Dr. Rondberg from access to the books, records and bank accounts of JVSR", and "[c]hang[ed] registration of the domain name of JVSR to his own control and benefit". (FAC para. 25.)  Further, actual disruption occurred.  90% of the subscribers cancelled or stopped subscribing during the time Defendant hijacked the JVSR website.  (FAC para 138.)

Plaintiffs' allegations are sufficient to put defendants on notice regarding their claims for interference with the business relationship because all that is required is a short, plain statement.  A short, plain statement has been alleged by Plaintiffs for each element of the cause of action and Plaintiffs have met the pleading requirement.  Plaintiffs have alleged facts indicating an actual disruption, curing such deficiency.  Defendant's motion to dismiss regarding the interference with business relationship claims must be denied.

### 7. PLAINTIFFS' RICO CLAIM IS SUFFICIENTLY PLED
#### a. Racketeering Activity

Plaintiffs have made the following allegations in the FAC that reflect Defendant's racketeering activity:

- "**Embezzlement:** From on or about April 2006 and continuing to the present, Defendants, McCoy seized and carried away Plaintiff's funds with the intent to retain such funds and permanently deprive Plaintiffs of same on more than one occasion; *Further, McCoy seized and carried away monies paid to JVSR on more than one occasion for advertising space on the JVSR website for products that McCoy was himself endorsing and placed advertising on the website directly;*" emphasis added (FAC, para. 45.)

- "**Mail Fraud:** From on or about April 2006 until present, Defendants, McCoy acting in unison with and on behalf of the other co-venturing Defendants, and in furtherance

of their co-venture, sent letters through the United States Mail to Plaintiff making misrepresentations, fraudulent statements and false and deceptive communications with the intent to deprive Plaintiff (*sic*) of their money; *such false statements included that McCoy was a partner of JVSR and that McCoy was an owner of JVSR.*"emphasis added (FAC para. 45.)

- "**Wire Fraud**: From on or about April 2006 until present, Defendants, McCoy acting in unison with and on behalf of the other co-venturing Defendants, and in furtherance of their co-venture, made telephone calls and sent e-mails to Plaintiff making misrepresentations, false statements and false and deceptive communications as to the nature of services they were to provide Plaintiff, and that they could and would provide funds to Plaintiff and Defendants operated with the intent to deceive Plaintiff and deprive Plaintiff (*sic*) of their money. *The false statements made were those indicating Defendant's belief that he was a partner of the JVSR and he was not.* emphasis added (FAC para. 45.)

- "Hijacking the website and internet operations of JVSR and Plaintiffs." (FAC 7:16)

- "Hijacking the merchant accounts of JVSR"; (FAC 7:17)

- "Hijacking and seizing control of the internet commerce, hosting online" (FAC 7:18)

- Misappropriating the trade secrets and customer lists of JVSR for McCoy's own use (FAC 7:8)

- Absconding and diverting funds of JVSR for [Defendants'] personal benefit (FAC 6:10)

- Falsely disseminating statements and information that McCoy is the owner of JVSR (FAC 6:12)

The emphasis in the bulleted paragraphs above indicate the allegations curing any deficiency regarding what statements were made as part of the illegal activity.

As alleged, Defendants have operated its own business Glass House, and has promoted its own products on the JVSR website without the consent of the JVSR and Plaintiffs. Glass House is an undetermined association, but Plaintiffs have alleged that Defendant was affiliated with Glass House to carry out its illegal conduct.

A plain reading of such allegations give proper notice to Defendant as to what activity Plaintiffs argue Defendants engaged in and with whom. Defendant's contentions fail.

### b. **Pattern of Racketeering Activity**

Defendant argues that "As McCoy was charged with editing, managing and collaborating on the JVSR..the placing of advertisements on the JVSR's website cannot be said to be 'criminal conduct'." (MTC 14:24-26.) However, Defendant is ignoring the fact that Defendant "Used and exploited the resources and website owned by JVSR to operate a personal business known as Glass Houses." (FAC para. 25.). Such conduct is illegal when combined with Defendant's other acts, combined with Defendant's lack of authority to place the specific Glass Houses advertising and keeping the compensation instead of providing it to JVSR. Further, Defendant McCoy has refused to turn over control of JVSR to its owners, the Plaintiffs. (FAC para 40.)

Defendant's representations of being a partner and owner of JVSR, taken in the context of his continuing illegal activities, place such statements in a legal context and give them legal effect. The statements were made in connection with the illegal activity of Defendant. Plaintiffs have sufficiently cured the Complaint to plead the pattern of illegal activity.

Accordingly, plaintiffs' RICO claim is specific enough to enable Defendants to prepare a defense and should not be dismissed. Defendant's motion to dismiss the RICO cause of action must be denied.

### D. IN THE EVENT THE MOTION TO DISMISS IS SUSTAINED, LIBERAL POLICY FAVORS GRANTING LEAVE TO AMEND COMPLAINT

Even if this motion to dismiss is granted, leave to amend the complaint is routinely granted. Federal Rule of Civil Procedure 15(a) expressly states that leave to amend "shall be freely given when justice so requires." (*Friedlander v. Nims* (11th Cir. 1985) 755 F2d 810, 813.) Where a more carefully drafted complaint *might* state a claim, a plaintiff must be given at least one more chance to amend the complaint before the district court dismisses the action with prejudice. (*Silva v. Bieluch* (11th Cir. 2003) 351 F.3d 1045, 1048*; DeCarlo v. Fry* (2nd Cir. 1998) 141 F.3d 56, 62.) Accordingly, should the Court be inclined to grant any portion of

Defendants' motion, the Court should also grant Plaintiffs leave to file a second amended complaint.

**IV. CONCLUSION**

In light of the authorities and arguments set forth above, it is clear that Plaintiff's First Amended Complaint alleges sufficient facts to show a basis for relief for its claims. Accordingly, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss. However, should the Court be inclined to grant any portion of Defendant's motion, Plaintiffs request leave to amend the complaint.

Dated: December 7, 2009                         **LAW OFFICES OF CARLOS F. NEGRETE**


_____/s/ Carlos F. Negrete_____
By:       **Carlos F. Negrete, Esq.**
            Attorney for Plaintiffs,
            Terry Rondberg, D.C.,
            The Chiropractic Journal
            and Journal of Vertebral Subluxation

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP §12(b)(6)]

**(PROOF OF SERVICE - 1013a, (3) 2015.5 C.C.P.)**

STATE OF CALIFORNIA ]

                          ss.

COUNTY OF ORANGE ]

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action and my business address is 27422 Calle Arroyo, San Juan Capistrano, California 92675.

On December 7, 2009, I served the foregoing document(s) described as:

**SEE ATTACHED DOCUMENT LIST**

on the interested parties in this action by submitting a true and correct copy of the above described documents as follows

[X]    **(BY MAIL)** I deposited the document by regular mail. I am readily familiar with this office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited, trough the office's office complex postal delivery box, with the U.S. Postal Service on the same day in a sealed envelope with postage thereon fully prepaid at San Juan Capistrano, California, in the ordinary course of business to the parties listed below. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit from mailing in this declaration.

[ ]    **(BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED)** The above-described documents were served by Certified Mail, Return Receipt requested. I am readily familiar with this office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited, trough the office's office complex postal delivery box, with the U.S. Postal Service on the same day in a sealed envelope with postage thereon fully prepaid at San Juan Capistrano, California, in the ordinary course of business to the parties listed below.

[ ]    **(BY FACSIMILE)** I caused all of the pages of the above-entitled document to be sent to the parties listed below,pursuant to California Rules of Court, Rule 2008 and California Code of Civil Procedure, Section 1013. The facsimile machine that I used complied with Rule 2003 and no error was reported by the machine. I caused the machine to print a transmission confirmation record of the transmission, a copy of which is attached hereto and made a part hereof as though set forth in full herein. The date, time, telephone number of the party served and final status of the transmission are set forth in the confirmation record.

[ ]    **(BY E-MAIL)** I caused a copy of below listed documents to be delivered to the parties/counsel set forth below by means of electronic mail to the addresses listed below.

[ ]    **(BY ELECTRONIC SERVICE)** I caused a copy of the below listed documents to be delivered by Electronic Service of Appellate Briefs pursuant to *California Rules of Court,* Rule 8.212(c)(2) applicable to service upon the California Supreme Court.

[X]    **(BY CM/ECF SYSTEM)** I certify that the above listed document(s) was/were served pursuant to the district court's CM/ECF system as to ECF filers.

[ ]    **(PERSONAL SERVICE)** I caused a copy of the above listed document to be personally delivered to the party set forth below at the address set forth below.

**SEE ATTACHED SERVICE LIST**

Executed on December 7, 2009, at San Juan Capistrano, California. I declare under penalty of perjury under the laws of the State of California and the Untied States of America that the above is true and correct.

*S/Carlos F. Negrete*

Carlos F. Negrete

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP §12(b)(6)]**

1

## DOCUMENT LIST

2

3
1. **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP §12(b)(6)]**

4
## SERVICE LIST BY MAIL

5

6
| Edward C. Walton, Esq. | Attorneys for Defendant |
|---|---|
| Kaye, Rose & Partners | Mathew McCoy |
| 402 West Broadway, Suite 1300 | |
| San Diego, CA 92101 | |
| Tel. (619) 232-6555 | |
| Fax. (619) 232-6577 | |

7

8

9

10

11

12
## SERVICE LIST BY CM/ECF SYSTEM

13
| **Edward C. Wwalton, Esq.** | |
|---|---|
| **ewalton@kayerose.com** | |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP §12(b)(6)]**