# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RONDBERG, D.C. and THE CHIROPRACTIC JOURNAL AND JOURNAL OF VERTEBRAL SUBLUXATION,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MATHEW MCCOY a.k.a. MATT MCCOY a.k.a. DR. MATT MCCOY and DOES 1 to 100, inclusive,<br><br>　　　　　Defendants. | CASE NO. 09-CV-1672-H (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER REQUIRING DEFENDANT TO TURN OVER INTERNET ACCESS CODES**<br><br>[Doc. No. 38.] |

On June 24, 2010, Plaintiff filed a motion for an order requiring Defendant to turn over to Plaintiff the access codes to the Journal of Vertebral Subluxation website.[1] (Doc. No. 38.) On June 25, 2010, the Court directed Defendant to file a response in opposition to Plaintiff's motion. (Doc. No. 39.) On July 9, 2010, Defendant filed a response in opposition to Plaintiff's motion. (Doc. No. 40.) Plaintiff did not file a reply. For the following reasons, the Court DENIES Plaintiff's motion for an order requiring Defendant to turn over to Plaintiff the access codes to the Journal of Vertebral Subluxation website.

---

[1] Plaintiff did not comply with the Local Civil Rule 7.1 which requires the movant to obtain a hearing date prior to filing the motion, and thus the motion appears to be procedurally improper. CivLR 7.1(b).

**Background**

On March 4, 2009, Plaintiffs Terry Rondberg, D.C. and the Chiropractic Journal and Journal of Vertebral Subluxation ("Plaintiffs") filed their First Amended Complaint ("FAC") against Defendants Matthew McCoy ("McCoy" or "Defendant") and Does 1 through 100 in the San Diego Superior Court. (Doc. No. 1.) On August 3, 2009, Defendant McCoy removed the action to this Court pursuant to 28 U.S.C. § 1441(b), because this Court has original jurisdiction over the RICO violation claim.[2] (Id.) On October 21, 2009, Plaintiffs filed their amended complaint, entitled "First Amended Complaint."[3] (Doc. No. 8.)

This case arises out of a dispute between the parties as to the right to the Journal of Vertebral Subluxation Research ("JVSR"), a peer-reviewed scientific journal. The FAC alleges that Plaintiff Terry Rondberg founded the JVSR. (FAC ¶ 14.) Plaintiffs allege that JVSR operated a website, www.jvsr.com, and received revenue from advertising on the internet and through its publications. (Id. ¶¶ 16, 20.) Plaintiffs allege that on or about April 1, 2000, JVSR, through Rondberg,

> hired Defendant, Mathew [sic] McCoy, D.C. to act as the JVSR editor, as an independent contractor. The employment agreement was an oral agreement that Mr. McCoy perform editorial services for the JVSR and to allow for Dr. Rondberg, Mr. McCoy, Terry Pochert, and Marty Marsh to collaborate on the JVSR and equally share the profit.

(FAC ¶ 18.) Plaintiffs allege that Defendant McCoy was to be compensated "in equal proportions of profits to Dr. Rondberg, Dr. Marsh, and Dr. Pochart." (Id. ¶ 36.) Plaintiffs allege that McCoy breached the agreement by "failing to provide editorial services." (Id. ¶ 38.) Plaintiffs allege that since mid-2008, McCoy assumed control of the JVSR's operations and engaged in a "series of unauthorized, un-consented and illegal actions," including: changing the registration of the JVSR's domain name to himself, "absconding and diverting

---

[2] Additionally, Defendant claims that this Court has original jurisdiction based on diversity, 28 U.S.C. § 1332. (Doc. No. 1 at 2.)

[3] The Court notes that although Plaintiffs' amended complaint is entitled "First Amended Complaint," Plaintiffs' First Amended Complaint was dismissed in the Court's September 21, 2009 order. (See Doc. No. 7.)

1  funds of JVSR" for his personal benefit, excluding Plaintiffs from JVSR operations, falsely
2  disseminating statements that McCoy is the owner of JVSR, undermining the operation of
3  JVSR, promoting and operating own projects and business entities on JVSR's website,
4  blocking Plaintiffs from accessing JVSR's books, records, and bank accounts, holding oneself
5  out as the owner/sole director/officer of JVSR. (FAC ¶ 25.) Plaintiffs allege that McCoy
6  hijacked JVSR's website, internet operations, merchant accounts, and internet-related
7  operations. (Id.)

8       On January 29, 2010, Defendant answered the FAC denying the allegations in the FAC,
9  and filed a counterclaim. (Doc. Nos. 22, 23.) Defendant's counterclaim alleges that McCoy
10 was the primary generator of content for the JVSR, its editor, and its day-to-day operations
11 manager. (Doc. No. 23 ¶ 8.) McCoy further alleges that in 2006, the parties agreed to split the
12 profits from JVSR. (Id. ¶ 9.) Defendant alleges that in November 2008, Plaintiff Terry
13 Rondberg revoked Defendant's access to the JVSR's bank account. (Id. ¶ 12.) Defendant
14 seeks compensation for his work pursuant to his agreement with Plaintiff, and seeks to enforce
15 his right to participate in the JVSR's on-going generation of profits.

16                                         **Discussion**

17      Plaintiff's motion seeks an Order directing McCoy to "turn over to Plaintiff such
18 internet codes, controls and access to information so as to allow Plaintiff to access all aspects
19 of the Chiropractic Journal and Journal of Vertebral Subluxation." (Doc. No. 38 at 1.) The
20 Court first notes that Plaintiff does not provide any legal authority or factual support for the
21 relief requested. Instead, the motion recites the allegations of the FAC and the counterclaim.
22 Plaintiff argues that he has adequately established his ownership over the JVSR. However,
23 although the motion states that "the declaration of Terry Rondberg, filed concurrently
24 herewith, establishes that he is the owner of the Journal," no such declaration is attached to the
25 motion. (Doc. No. 38 at 6.) The Court also notes that Plaintiff's contention that "there can be
26 no dispute that McCoy is not entitled to, nor does he, in fact, claim any ownership interest or
27 an exclusive right to use the online Journal" is a disputed issue in this case. (Id.) Defendant's
28 response in opposition points out that the Answer filed in this case by McCoy specifically

denies the allegations relating to ownership of the JVSR. (Doc. No. 40 at 3.) Therefore, until the Court determines the legal rights of the parties with respect to the JVSR, Plaintiff's motion is, at best, premature. Because Plaintiff's motion is legally deficient, and because the relief requested concerns the issue disputed by the parties in this case, the Court DENIES Plaintiff's motion.

### **Conclusion**

For the reasons above, the Court DENIES Plaintiff's motion for an order requiring Defendant to turn over to Plaintiff such internet codes, controls and access to information so as to allow Plaintiff to access all aspects of the Chiropractic Journal and Journal of Vertebral Subluxation.

**IT IS SO ORDERED.**

DATED: July 26, 2010

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT